UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARCUS CALVO, Individually,

    Plaintiff,
v.

ANGEL # 1 NAIL & SPA, INC.,
a Florida profit corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, MARCUS CALVO, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Mr. Calvo"), hereby sues the Defendant, ANGEL # 1 NAIL & SPA, INC., a Florida profit corporation, (sometimes referred to as "Defendant" or "Angel's Nail & Spa"), for injunctive and declaratory relief as well as damages, and attorney's fees, litigation expenses, and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 et seq. ("ADA") and its implementing federal and state regulations. In support, Plaintiff states as follows:

**JURISDICTION**

1.    Plaintiff is a Florida resident, lives in Miami-Dade County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of seeing. Instead, Plaintiff is bound to ambulate with the help of a guide dog.

2    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as 8970 SW 72nd Ct, Suite C-108, Miami, Florida 33156, and is located in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida, because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Guide dogs are professionally trained service animals specializing in working with those who are blind. In short, guide dogs are taught how to find and follow a clear path, maneuver around obstacles, and stop at curbs. They meet the definition of a Service Animal under Florida and federal law. See 28 C.F.R. § 35.104 (definition of Service Animal); Florida Statute Section 413.08(1)(d).

## FACTS

6. On or about July 5, 2016, Plaintiff entered Defendant's business as an invitee to procure services from Defendant. At approximately 1:06 p.m., Mr. Anthony Nguyen, the Owner of Defendant's business, refused the entrance of Plaintiff's guide dog.

7. Plaintiff provided documentation to Mr. Nguyen showing that he was visually impaired and needed the professionally trained guide dog. Plaintiff even provided Mr. Nguyen a laminated card with the Florida Statute §413.08, rights of an individual with a disability; use of a service animal, but Mr. Nguyen laughed at Plaintiff and still refused service.

8. The police were called to assist Plaintiff. Upon arrival, Mr. Nguyen was informed that it is illegal according to federal and Florida law as well as a County Ordinance to refuse service to anyone with a service animal. Mr. Nguyen said "it was his business and he could deny services to anyone he wanted." Mr. Nguyen was provided a case card no. PD160705253506.

9. As a result of the acts and omissions of Defendant, Plaintiff's rights under the ADA

were violated and he suffered the following injuries:

    a.    Pain and suffering;

    b.    Medical expense in the past and in the future;

    c.    Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

    d.    Loss of capacity for the enjoyment of life;

    e.    Deprivation of life, liberty and property;

    f.    Legal fees and expense;

    g.    Loss of earnings in the past and future;

    h.    Loss of earning capacity;

    i.    Injury to reputation and credit was affected;

    j.    Loss of the rights described herein;

    k.    Back pay;

    l.    Value of or the reinstatement of all benefits that she would have enjoyed but for the discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

    m.    Incidental expenses;

    n.    Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

    o.    Punitive damages and liquidated damages; and

    p.    Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will continue to suffer in the future.

    10.    Trial by jury demanded for all issues so triable of right by jury

## COUNT I
### Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

11. Plaintiff realleges and incorporates paragraphs 1-10 as through fully set forth herein.

12. Defendant has and currently is providing services to the general public and is, therefore, a a place of public accommodation within the meaning of the ADA.

13. Plaintiff has a disability in that he is totally blind, a physical impairment that substantially limits Plaintiff's major life activities.

14. A "service animal" is currently defined by the regulations implementing the ADA as "any dog that individually trained to do work or perform tasks for the benefit of an individual with disability[.]" 28 C.F.R. § 36.104. The definition further specifically states that such task include "assisting and individual who is legally blind."

15. The dog accompanying Plaintiff is a "service animal" under the ADA becuase he, among other things, assists Plaintiff's mobility. The dog has been professionally trained to assist Plaintiff.

16. The Defendant has failed to provide Plainitff with reasonable accommodations by initially denying the dog access to Defendant's place of public accommodation and then refusing to allow the entrance of the service dog so that Plaintiff could avail himself of the services provided at Defendant's place of public accommodation.

17. The Defendant is excluding and/or discriminating against Plaintiff on the basis of his disability. As a result of the Defendant's actions with regards to Plaintiff's request for accommodation in not allowing his service dog to enter the premises, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable harm.

18. Plaintiff has no adequate or speedy remedy at law for the Defendant's conduct described above. Because Defendant's discriminatory conduct is ongoing, declaratory and injunctive relief against the Defendant are appropriate pursuant to 42 U.S.C. § 12133.

19.     Plaintiff is also entitled to recover reasonable attorney's fees and costs incurred in bringing this action pursuant

**WHEREFORE,** Plaintiff respectfully pray that this Court grant the following relief against the Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that the Defendant's practices, policies and procedures have subjected Plaintiff to discrimination in violation of the Americans with Disabilities Act and permanently enjoining the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit form the Defendant's services, award compensatory damages and punitive damages; reasonable costs and attorney's fees; and award any and all other relief that may be necessary and appropriate.

## JURY DEMAND

The Plaintiff herein requests a trial by jury of all issues so triable by jury.

Respectfully submitted,

**FEILER & LEACH, P.L.**
Attorneys for Defendant
901 Ponce de Leon Blvd.
Suite No. 300
Coral Gables, FL 33134-3009
Tel. (305) 441-8818
Fax (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com

By: /s/ Martin E. Leach
    Martin E. Leach
    Fla. Bar No. 0037990